# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

### HOUSTON DIVISION



United States District Court
Southern District of Texas
FILED

JAN 2 2 2014

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. |
| WILLIAM HENDRICKS WILLIAMS, STEPHEN CARTER, and BOBBY GRAY | § § § § | UNDER SEAL |

**14 CR 041**

UNSEALED PER ARREST
Public and unofficial staff access
to this instrument are
prohibited by court order.

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### INTRODUCTION

1.    At all times material to this Indictment, Garda Cash Logistics, maintains offices throughout the United States and was engaged in the business of secured armored transport of United States currency in interstate commerce and in picking up and delivering United States currency to financial institutions and check cashing businesses, both of which are industries which affect interstate commerce.

### COUNT ONE
**(Conspiracy to Interfere with Commerce by Robbery)**

2.    From on or about October 6, 2013, through on or about October 7, 2013, in the Houston Division of the Southern District of Texas, the defendants,

### WILLIAM HENDRICKSWILLIAMS,
### STEPHEN CARTER, and
### BOBBY GRAY

did knowingly and intentionally combine, conspire, confederate, and agree with each other, to obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(3), in that the defendants did unlawfully combine, conspire,

confederate, and agree with each other, to unlawfully take and obtain property, namely, United States currency, which was in the possession and custody of an employee of Garda Cash Logistics, by means of actual and threatened force, violence, and fear of injury to said individual or individuals; in violation of Title 18, United States Code, Section 1951(a).

## MANNER AND MEANS

The unlawful conspiracy was accomplished in the following manner and means:

1.   It was part of the conspiracy that **WILLIAM HENDRICKSWILLIAMS, STEPHEN CARTER,** and **BOBBY GRAY** discussed a plan to rob an armored car.

2.   It was further part of the conspiracy that **STEPHEN CARTER** would drive to and from the robbery.

3.   It was further part of the conspiracy that **WILLIAM HENDRICKS WILLIAMS** would be armed with a pistol.

4.   It was further part of the conspiracy that **BOBBY GRAY** would retrieve the money from the guard.

## OVERT ACTS

In furtherance of this conspiracy, and in order to effect and accomplish its objectives, one or more of the defendants committed the following overt acts in the Southern District of Texas:

1.   On or about October 7, 2013, **STEPHEN CARTER** changed the license plates on his Dodge Charger from his permanent metal plates to the original temporary paper plates.

2.   On or about October 7, 2013, **STEPHEN CARTER** drove **WILLIAM HENDRICK WILLIAMS** and **BOBBY GRAY** to the Chase bank located at 19747 N. U.S. 59, Humble, Texas, 77338, in his Dodge Charger.

2

3.   On or about October 7, 2013, **STEPHEN CARTER, WILLIAM HENDRICK WILLIAMS and BOBBY GRAY** waited in the Chase parking lot for the armored car to arrive.

4.   On or about October 7, 2013, **WILLIAMS HENDRICK WILLIAMS** was armed with a pistol and approached the armored car guard/messenger and demanded that he give **WILLIAM HENDRICK WILLIAMS** the money.

5.   On or about October 7, 2013, **WILLIAMS HENDRICK WILLIAMS** began shooting at the armored car guard/messenger.

6.   On or about October 7, 2013, **BOBBY GRAY** got out of the Dodge Charger to retrieve the money.

7.   On or about October 7, 2013, a second armored car guard/driver returned fire and **BOBBY GRAY** and **WILLIAM HENDRICK WILLIAMS** got back into the Dodge Charger.

8.   On or about October 7, 2013, **STEPHEN CARTER** drove the Dodge Charger away from the bank.

9.   On or about October 7, 2013, **STEPHEN CARTER** abandoned the Dodge Charger at 19424 McKay Drive, Humble Texas.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT TWO
### (Interference with Commerce by Robbery)

On or about October 7, 2013, in the Houston Division of the Southern District of Texas, the

defendants,

**WILLIAM HENDRICKSWILLIAMS,**
**STEPHEN CARTER, and**
**BOBBY GRAY**

3

did knowingly attempt to obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(3), in that the defendants did unlawfully attempt to take and obtain property, namely, United States currency, which was in the possession and custody of an employee of Garda Cash Logistics, by means of actual and threatened force, violence, and fear of injury to said individual or individuals; in violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT THREE
### (Discharging a Firearm During a Crime of Violence)

On or about October 7, 2013, in the Southern District of Texas,

### WILLIAM HENDRICK WILLIAMS

defendant herein, did knowingly use and carry a firearms, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, as set forth in Counts One and Two of this indictment, in violation of Title 18, United States Code, Section 1951(a), and in committing the violation, the defendant did discharge said firearm.

In violation of Title 18, United States Code, section 924(c)(1)(A)(iii).

### NOTICE OF CRIMINAL FORFEITURE

Pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), the United States of America hereby gives notice that upon conviction of Discharging of a Firearm During a Crime of Violence, as charged in Counts Three, all firearms and ammunition involved in or used in a violation of Title 18, United States Code, Section 924(c)(1)(A)(iii) are subject to forfeiture.

4

## SUBSTITUTE PROPERTY

In the event that any of the property subject to forfeiture as a result of any act or omission of a defendant:

a.      cannot be located upon exercise of due diligence;

b.      has been placed beyond the jurisdiction of the Court;

c.      has been transferred or sold to, or deposited with a third party;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL:

Original Signature on File

FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

By: _____
JENNIE L. BASILE
Assistant United States Attorney

5